By the Court, Bronson, J.
Without the consent of the owner, no road can be laid out “ through any buildings; or any fixtures or erections for the purposes of trade or manufactures ; or any yards or enclosures necessary to the use and enjoyment thereof.” (1 R. S. 514, § 57.) The words “ yards or enclosures” apply to “ buildings,” as well as to “ fixtures or erections for the purposes of trade.” (See Clark v. Phelps, 4 Cowen, 190 ; Lansing v. Caswell, 4 Paige, 523.) The road passes through the door-yard and buildings of Shelden, and leaves his well in the street. It also encroaches on the cowshed of Snyder. The commissioners of 1840 exceeded their jurisdiction in laying out the road without the consent of the owners of the yard and buildings, and the matter is not helped by the subsequent affirmance of their proceedings by the judges on appeal. The present commissioners would be answerable in an action of trespass, if they should proceed to open the road through the yard and buildings of Shelden and Snyder. (Clark v. Phelps, 4 Cowen, 190.) Clearly we ought not to compel them by mandamus; to commit a trespass.
There is room for doubt whether the case of Brittain v. Kinnaird, (1 Brod. & Bing. 432,) can be supported. But however that may be, the case can be distinguished from the one before us. There the magistrate had directly and necessarily adjudicated upon the fact on which his jurisdiction depended. But it is not so here. It does not appear that either *461 the commissioners or the judges have undertaken to de-cide that there was no door-yard or buildings in the site of the road. These officers in laying out highways exercise a special and limited jurisdiction, and although it may be presumed until the contrary appear that they have acted legally, it is quite clear that their acts may be impeached by showing that they exceeded their powers. I do not think it necessary to refer to books; the principle is a familiar one.
Motion denied.